UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHAEL VETRONE,

                                        Plaintiff,

V.

MOTION WATER SPORTS, INC.,

                                        Defendant.
-------------------------------------------------------------------X

Civil Case No.
CV 14-3802

**JURY TRIAL
DEMANDED**

June 18, 2014

## COMPLAINT

Plaintiff, Michael Vetrone, through and by his attorneys, Kiley, Kiley & Kiley, PLLC, hereby brings this Complaint against defendant Motion Water Sports., Inc. and in support avers as follows:

## PRELIMINARY STATEMENT

1.      This is an action for products liability brought under the common law of the State of New York.

## PARTIES

2.      The plaintiff, Michael Vetrone was and is a resident of Manhasset, County of Nassau, State of New York. He brings this action after sustaining permanent serious bodily injuries when using an O'Brien slalom water ski in the State of New York on or about August 12, 2014.

3.    The defendant, Motion Water Sports, Inc., (hereinafter "MWS") is a corporation duly organized and existing under and by the virtue of the laws of the State of Washington, with its principal business address located at 14615 NE 91st Street, Redmond, WA 98052.

4.    At all times relevant hereto, the defendant, MWS, was and still is a foreign corporation authorized to do business in the State of New York.

5.    At all times relevant hereto, the defendant MWS, was and still is a foreign corporation regularly doing or soliciting business in the State of New York.

6.    At all times relevant hereto, the defendant, MWS, was and still is a foreign corporation regularly engaging in a persistent course of conduct, and deriving substantial revenue from goods sold and distributed and/or services rendered in the State of New York.

7.    At all times relevant hereto, the defendant, MWS, expected or should reasonably have expected the acts complained of herein to have consequences in the State of New York.

## JURISDICTION AND VENUE

8.    The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that there is complete diversity of citizenship between the plaintiff and the defendant herein, and the amount in controversy   exceeds the sum of seventy-five thousand dollars ($75,000.00) exclusive of costs and interest.

9.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) because it is the judicial district within which a substantial part of the events giving rise to plaintiff's claims occurred.

## STATEMENT OF FACTS

10.     Prior to August 12, 2012, the defendant, MWS, manufactured, designed, packaged, assembled, distributed and sold or otherwise placed into the stream of commerce recreational products, including O'Brien slalom water skis.

11.     Prior to August 12, 2012, the defendant, MWS, manufactured, designed, packaged, assembled, distributed and sold or otherwise placed into the stream of commerce an O'Brien Competition Flex water ski serial number S990009, (hereinafter, the "water ski".)

12.     That the said water ski was used by the consumer plaintiff, Michael Vetrone, without any substantial change in its condition from the time it was placed into the stream of commerce.

13.     The defendant was required to manufacture, design, assemble, label and market the water ski in a condition that was reasonably safe for the users thereof and had an ongoing duty to timely provide proper warnings.

14.     That on August 12, 2012, at approximately 11:00 a.m., the plaintiff was caused to sustain severe and permanent bodily injuries while water skiing with the said water ski on Manhasset Bay, Manhasset, New York when he fell and the binding failed to release his left foot as he fell, causing the foot to become contorted with the movement of the water ski in the water.

15.     As a direct and proximate result of the foregoing, the plaintiff sustained a lisfranc injury to his left foot, including a marked comminution and displacement of the

left second metatarsal and non displaced fractures of the bases of the third and fourth metatarsals and chip fractures of the lateral aspects of the lateral cuneiform and cuboid which required Open Reduction Internal Fixation metatarsal tarsal fusion surgery, which required hospital and medical attention and will require future medical care and physical therapy and continuing medical treatment.

16.    That said injuries are permanent in nature, have caused plaintiff permanent disability and will likely require future medical treatment.

17.    The plaintiff sustained the serious and permanent bodily injuries while using the said water ski in the manner intended by the defendant.

18.    That the water ski was not altered, damaged, or modified in any way from the time it was manufactured and placed into the stream of commerce up to an including the date and time when the plaintiff was injured.

19.    That a subsequent inspection of the water ski revealed that the lacing system and the use of the ski precluded proper tightening of the lacing, particularly on the rear foot to be laced in, which rendered the binding system defective and unlikely to retain both feet securely in the foot pieces, which constitutes a design defect.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Defendants' Liability Based Upon Negligence)

20.    That the defendant, MWA, negligently designed and manufactured the water ski, which was unreasonably dangerous, defective and unfit for its reasonable, foreseeable and ordinary usage, and did not conform to the representation made as to its safety.

21.    That the negligence of the defendant, MWA, consisted of its

failure to design and manufacture the water ski in contemplation of the foreseeable risk that the rear foot cannot be properly laced in and properly binded to the ski, presenting a major safety hazard when a user falls and the rear foot has been released by the inadequate binding while the front foot remains secured and susceptible to injury by the movement of the unsecured water ski; in failing to design and manufacture a safe and adequate lacing system; in designing and manufacturing a binding system that requires the rear foot to be fully flush to the ski, which is biomechanically difficult or impossible, which causes an insecure connection between the rear foot and the rear binding; in designing and manufacturing the rear binding so that the sole is flush with the surface of the ski rather than canted, as slalom skiing biomechanically requires that the rear forefoot be flush with the surface of the ski and the heel be lifted; in failing to comply with universal design safety; in failing to provide an adequate caution warning; in failing to provide adequate safety instructions and directions for use; in failing to meet industry safety standards.

22.     That as a result of the negligence of the defendant, the defendant is liable to the plaintiff for his damages.

## AS FOR A SECOND SEPARATE AND DISTINCT CAUSE OF ACTION
### (Dedendant's Liability Based upon Strict Liability)

23.     The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 of the complaint as if set forth herein at length.

24.     That the defendant manufactured, designed and sold the subject water ski and placed it into the stream of commerce.

25.     That the water ski was in a defective condition when it left the control of

the defendant and was expected to and reached the hands of the plaintiff without substantial change in the condition in which it was sold.

26.     That the plaintiff could not have discovered the defective and dangerous design of the water ski within the exercise of reasonable care and diligence and could not have otherwise averted the accident.

27.     That at all times relevant, the water ski was being used for the purpose and in the manner for which it was normally intended.

28.     That the dangerous and defective water ski was the major and substantial factor contributing to the plaintiff's accident and resulting injuries and the sole and proximate cause thereof.

29.     By reason of the above, the defendant is strictly liable to the plaintiff for his damages.

### AS AND FOR A THIRD SEPARATE AND DISTINCT CAUSE OF ACTION
**(Defendant's Liability for Breach of Express Warranty)**

30.     The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 of the complaint as if set forth herein at length.

31.     The defendant, in designing, manufacturing and and/or selling the subject water ski expressly and implicitly warranted that the water ski was a safe and proper product for use by the general public for its intended use and specific purpose.

32.     That the plaintiff relied on the defendant's express and implied warranties that the O'Brien water ski was a safe and proper product for use by the general public for its intended use and specific purpose.

33.     That the product was not fit for public use as warranted and an attempted use thereof by the plaintiff proved that it was unsafe and in violation of the express and implied warranties.

34.     That as a result of the defendant's breach of its express and implied warranties, the defendant is liable to the plaintiff for his damages

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests:

1.     Judgment on the first, second and third causes of action against the defendant in an amount in excess of seventy-five thousand ($75,000.00) dollars;

2.     Interest;

3.     Costs of suit;

4.     Such other and further relief that the Court deems just and proper.

JAMES D. KILEY, ESQ. (2731)
KILEY, KILEY & KILEY, PLLC
Attorneys for the plaintiff
107 Northern Boulevard
Suite 304
Great Neck, New York 11021
(516) 466-7900
(516) 466-7903 Fax
e-mail: jdkiley@kileylawfirm.com